## W. F. RIDING v. THE STATE.

### No. 1712. Decided April 26, 1899.

**1.   Continuance—Second Application.**

A second application for continuance is properly refused where the diligence to
obtain the testimony is totally insufficient. Such application will also be held prop-
erly overruled when, viewed from the standpoint of the motion for a new trial,
the proposed testimony would hardly be credited as true.

**2.   Same.**

On a trial for burglary, an application for continuance which states that "defend-
ant expects to prove by the said witness K. that he borrowed said shoes from him,
the said K., and the same were not the shoes taken from the burglarized house,"
it is too general as to the facts expected to be proved.

**3.   Burglary—Evidence—Possession of Another of Fruits of the Crime.**

On a trial for burglary, where the property taken from the house consisted of shoes,
coat, and pants, and that soon thereafter defendant was arrested and placed in jail;
that one C. was in said jail, for some offense he had previously committed, at the time
defendant was placed therein; that several days thereafter defendant and C. made
their escape from the jail, remaining out of custody together for six days, and after
their rearrest the said C. was found wearing the stolen clothing, and defendant
wearing the shoes; Held, it was admissible to prove these facts, and permissible to
prove that C. was wearing the clothing, although he could not have had possession
of them until after his escape from jail with defendant.

**4.   Same—Instruction.**

A requested instruction is properly refused where there is no evidence calling for
such instruction.

**5.   Recent Possession and Reasonable Explanation—Charge.**

On a trial for burglary, where the court charged the jury, in effect, that they
would not consider defendant's recent possession of shoes taken from the burglarized
house as an inculpatory circumstance against him, if they believed he had borrowed
them; Held, this was sufficient upon the question of recent possession and reasonable
explanation, the issue presented by the evidence being as to whether defendant had
borrowed the shoes.

APPEAL from the District Court of Bell. Tried below before Hon.
JOHN M. FURMAN.

Appeal from a conviction for burglary; penalty, two years imprisonment in the penitentiary.

The indictment charged appellant, in two counts, with the burglary of a house owned and belonging to one L. A. Bigham. The first count charged a daytime, and the second a nighttime burglary. The conviction was upon the second count.

The salient features of the evidence are sufficiently stated in the opinion.

*J. B. McMahon,* for appellant.

*Robt. A. John,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of burglary, his punishment assessed at confinement in the penitentiary for a term of two years, and he prosecutes this appeal.

When the case was called for trial, appellant filed his second application for continuance on account of the absence of one King, by whom he expected to prove that he borrowed the pair of shoes found in his possession, and which were taken from the burglarized house. This was a very serious criminative fact against him. The diligence was totally insufficient, and, viewed from the standpoint of the motion for new trial, the stated facts, if testified to by King, would hardly have been credited by any jury. The evidence shows that, the day preceding the burglary at night, appellant worked for L. A. Bigham; that he left Bigham's place between sundown and dark, after feeding the team with which he had plowed that day, for the residence of Mr. Watson, a neighbor of Bigham's, where he slept, and for the stated purpose of milking Watson's cows. He did not reach Watson's until about midnight. In the meantime the house was burglarized and a pair of shoes and a suit of clothes taken. Defendant denied having taken the goods, but the shoes were found in his possession. Testifying in his own behalf, he claimed to have borrowed the shoes from one King, a stranger. So far as the record discloses, this was an accidental meeting between appellant and King in the city of Temple, some miles distant from the burglary. His statement is that King proposed to sell him the shoes, but he declined on the ground that he did not have the money to pay for them, and King then loaned them to him conditionally. It may be stated that, in addition, the facts expected to be proved by King are too generally stated, as evidenced by the following language: "Defendant expects to prove by said witness, —— King, that he borrowed said shoes from him, the said King, and the same were not the shoes taken from the burglarized house." This is all that is stated, in the application for a continuance, in regard to the facts expected to be proved by said King.

The State was permitted to prove that upon one Carter were found the coat and pants taken from the burglarized house at the time the

shoes were taken. Appellant objected on the ground that this did not prove possession of the clothing by defendant, nor did it tend to connect him with said clothes in any manner, nor with the alleged burglary. This bill shows that on the night of the 11th of August the house was burglarized, and the shoes, coat, and pants taken therefrom; that appellant was arrested and placed in jail; that about the 31st of August he and Joe Carter escaped from jail, and were gone about six days, when they were arrested and reincarcerated. On their return to jail, Carter was undressed, and the stolen coat and pants found on his own person, under another suit of clothes. We are of opinion that this evidence was properly admitted. Carter was in jail at the time of, and had been for some time previous to, the burglary, and had no opportunity to commit the burglary or to have gotten the clothes until after his escape. Upon their escape they went immediately to the residence of Watson, where appellant resided at the time of the burglary. This was in the immediate neighborhood of where the property was taken. They were arrested a few days later in Hill County, and Carter was wearing the stolen clothing. He had been with appellant during the interim of their escape from, and return to, the jail. The fact that Carter had the clothing, and his association with appellant under the circumstances, coupled with the fact that appellant had the shoes taken from the house, was strong evidence against appellant; and, under the peculiar facts of this case, it was permissible to prove that Carter had possession of the stolen coat and pants. The possession by appellant of a part of the stolen goods is a circumstance, and always admissible, to show the theft of all; and the exclusion of all reasonable opportunities by Carter to obtain possession of the goods from any other person than defendant would tend to show the theft of all by appellant.

Appellant requested the court to instruct the jury that if they believed from the evidence that defendant formed the intent to steal the shoes for the first time after entering the house of Bigham, if they believed he entered the house and stole the shoes, they should find him not guilty. This charge was refused, and the refusal is made a ground of the motion for new trial. There is no evidence calling for this charge. Appellant finished his work for the day at Bigham's and left between sundown and dark, stating that he had to hurry on to Watson's, about a mile distant, where he slept at night, for the purpose of milking the cows for Mrs. Watson. About 8:30 or 9 o'clock the same night the stolen articles were in the burglarized house. This was subsequent to the departure of appellant from Bigham's. The requested charge is predicated upon the theory that appellant may have taken the property when he entered the burglarized house about sundown for the purpose of getting oats to feed the team he had worked that day. When the feeding was finished the house was closed. Later on, Dunlap, the real owner of the stolen goods, was in the house, about 8:30 or 9 o'clock that night, and put in the pocket of the coat a bottle of oil. So it will be seen that the house was entered subsequent to placing this bottle of oil in the

·pocket of the coat. We find no evidence authorizing the giving of the requested charge.

Appellant also requested the court to charge the jury in regard to the explanation of his possession of recently stolen property. This was refused. In this there was no error. The court charged the jury in this respect as follows: "If you believe defendant borrowed the shoes mentioned in the evidence from one King, or anyone else, or if you have a reasonable doubt thereof, you will not consider his having possession thereof recently after the alleged burglary as an inculpatory circumstance against him, in arriving at the verdict." We believe this sufficiently submitted the issue to the jury. This charge also sufficiently presented the question suggested in another requested instruction predicated upon his testimony that he received the shoes from King. We think the evidence is sufficient to support the verdict of the jury, and there was no error committed upon the trial requiring a reversal; and the judgment is affirmed.

*Affirmed.*